[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2010
JOHN LEY
CLERK

No. 09-12634
_____

D. C. Docket No. 06-01201-CV-T-17-MAP

HELEN THOMPSON,

Plaintiff-Appellant,

versus

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 21, 2010)

EDMONDSON and MARCUS, Circuit Judges, and BARBOUR,* District Judge.

_____

*Honorable William Henry Barbour, Jr., United States District Judge for the Southern
District of Mississippi, sitting by designation.

PER CURIAM:


Appellant-Plaintiff Helen Thompson's husband died as a result of an injury sustained while on a business trip in Florida. He had been drinking and, while walking, fell in a parking lot, hitting his head. His life insurance policy through LINA contains an exclusion for accidents caused by or resulting from the insured's "intoxication as determined according to the laws of the jurisdiction in which" the accident occurred. Florida law contains no general definition of legal intoxication. LINA denied benefits, claiming that the DUI statute establishes 0.08% as the "legal limit." ERISA applies to this case. The district court granted Defendant LINA summary judgment.

After hearing oral argument and looking repeatedly at Florida's laws, we regard the only debatable issue in this appeal to be whether the district court was to determine de novo about the administrator's denial of benefits or to determine whether the denial was arbitrary or capricious. But we do not decide that issue. It is unnecessary.

If a de novo standard applies, we are unanimous in concluding that Plaintiff's husband was not intoxicated "as determined according to the laws of" Florida. If the arbitrary and capricious standard applies, a majority of today's court

2

concludes that the administrator's denial of coverage was arbitrary or capricious given Florida's laws.

Accordingly, we reverse the judgment of the district court.

REVERSED.